IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-CV-2714-MSK-STV

**QUAIL RUN II ASSOCIATION INC.,**

    Plaintiff,

*v*.

**AMERICAN ALTERNATIVE INSURANCE CORP.,**

    Defendant.

**OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** comes before the Court upon the Defendant's Motion for Summary Judgment (**# 39**), the Plaintiff's Response (**# 49**), and the Defendant's Reply (**# 50**). For the reasons that follow, the motion is denied.

## I. JURISDICTION

The Court exercises jurisdiction under 28 U.S.C. § 1332.

## II. BACKGROUND[1]

This is a case in which the Plaintiff, Quail Run II Association Inc., seeks to recover insurance benefits for hail damage. Quail Run owns commercial property located in Aurora, Colorado, which was insured under an insurance policy (Policy) issued by Defendant American Alternative Insurance Corp. (AAIC). In September 2014, Quail Run's property was damaged in

---

[1] The Court recounts the undisputed facts and the disputed facts in the light most favorable to Quail Run, the nonmoving party. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

a hail storm. Quail Run submitted a claim to AAIC in May 2015. The evidence is unclear as to how AAIC responded, but the parties agree that AAIC made payments on the claim.

Quail Run brought this suit in September 2016 before the Policy's period to bring suit expired, asserting the following causes of action: (1) breach of contract based on denial/failure to pay its claim; (2) a violation of C.R.S. §§ 10-3-1115, 1116 based on unreasonable delay of the claim; (3) bad-faith breach of insurance contract based on, among other things, a failure to conduct a reasonable investigation and incorrectly valuing the claim, causing it to initiate litigation; and (4) breach of the implied covenant of good faith and fair dealing. AAIC now moves for summary judgment on all claims (**# 39**).

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## IV. DISCUSSION

AAIC moves for summary judgment on all claims. First, it argues that Quail Run did not give prompt notice of the loss as required by the Policy, an issue it says affects all three claims. Second, it argues that Quail Run failed to submit a proof of loss as required by the Policy, which affects only the breach-of-contract claim. Finally, it maintains that Quail Run is limited to the actual cash value of the loss, not the replacement cost value.

### A. Defenses to Coverage

Before addressing issues of Policy interpretation, the Court is presented with a threshold question of whether AAIC has waived its right to deny coverage. Quail Run contends that AAIC determined its claim without any reservation of rights and that AAIC has partially paid on the claim. As a result, it contends that AAIC has admitted at least partial coverage and cannot now assert complete defenses to coverage.

In Colorado, an insurer must "raise (or at least reserve) all defenses within a reasonable time after learning of such defenses, or those defenses may be deemed waived or the insurer may be estopped from raising them." *U.S. Fidelity & Guar. Co. v. Budget Rent-A-Car Systems Inc.*, 842 P.2d 208, 210 n.3 (Colo. 1992). When an insurer denies coverage for a certain reason, it waives the right to later assert additional defenses to coverage. *Flatiron Paving Co. v. Great Sw. Fire Ins. Co.*, 812 P.2d 668, 671 (Colo. App. 1990), *superseded on other grounds by* C.R.S. § 13-80-108.

The record suggests that there has been no reservation of rights by AAIC. Neither party has submitted as evidence a copy of AAIC's initial claim determination such that the Court can see whether it includes a reservation of rights. The parties agree that AAIC has issued multiple payments to Quail Run, and Quail Run has submitted an affidavit from its property manager stating that it never received a reservation of rights letter from AAIC. **(# 49-1 ¶ 12)**. Given the opportunity to reply and come forward with evidence showing that it processed the claim under a reservation of rights, AAIC has not done so. Accordingly, neither AAIC's argument about prompt notice nor proof of loss provide grounds for summary judgment on any claim.

B.  **Limitation to Actual Cash Value**

AAIC argues that, to obtain the replacement cash value, Quail Run was required under the Policy to give notice of its intent to replace the damaged property within 180 days of the loss, and because Quail Run did not give any notice until 249 days following the loss, it is now limited to only the actual cash value of the damage.  This defense relates only to Quail Run's breach-of-contract claim.

Quail Run responds that AAIC cannot void the Policy because it did not issue a reservation of rights.  Quail Run also contends that AAIC told it that it was entitled to collect full replacement cost benefits, including depreciation.

The Policy states:

1. **Replacement Cost** — The value of covered property will be based on replacement cost without any deduction for depreciation unless Actual Cash Value is indicated on the "schedule of coverages".

    The replacement cost is limited to the cost of repair or replacement with similar materials on the same site and used for the same purpose.  The payment will not exceed the amount "you" spend to repair or replace the damaged or destroyed property.

    Replacement cost valuation does not apply until the damaged or destroyed property is repaired or replaced.  "You" may make a claim for actual cash value before repair or replacement takes place, and later for the replacement cost if "you" notify "us" of "your" intent within 180 days after the loss.
    . . .
2. **Actual Cash Value** — When Actual Cash Value is indicated on the "schedule of coverages" for covered property, the value of covered property will be based on the actual cash value at the time of the loss (with a deduction for depreciation) except as [otherwise] provided . . . .

**(# 39-5 at 3 (AA (QR) 000062).**

In interpreting these provisions, the Court is mindful that Colorado law requires it to construe them according to their ordinary language (absent a showing that the parties jointly intended the

5

language to have a different meaning). *Ace Am. Ins. Co. v. Dish Network LLC*, 883 F.3d 881, 887 (10th Cir. 2018).

As an initial matter, it is not clear that a reservation of right would affect these provisions of the Policy because the onus is on the insured to complete certain steps to receive the value of the replacement cost. Regardless, Quail Run's estoppel argument raises a factual issue about which there is a genuine dispute.

In an email from AAIC to Quail Run's agent, AAIC listed the full calculations of replacement cost and actual cash value. (**# 49-7 at 1, Ex. M**.) As far as the Court can tell, the only difference between the two calculations is the amount of depreciation 15% ($182,853.47), which AAIC has already paid. *See* # 49-1 ¶ 14. AAIC does not address either Quail Run's argument or its evidence. Thus, construing any ambiguity as to what AAIC has paid or not most favorably to AAIC, a trial is required.

## V.  CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment (**# 39**) is **DENIED**. The parties shall contact the Court within 14 days to set a final pretrial conference and shall prepare a Final Pretrial Order as specified in the Trial Preparation Order **(#23)**.

Dated this 31st day of January, 2019.

**BY THE COURT:**

_____
Marcia S. Krieger
Chief United States District Judge